1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8
9

Jose Manuel Pinzon,

No. CV-14-08244-PHX-DJH (BSB)

10

Petitioner,

**REPORT AND**
**RECOMMENDATION**

11

v.

12

Charles Ryan, et al.,

13

Respondents.

14

15        Petitioner Jose Manuel Pinzon has filed an Amended Petition for Writ of Habeas

16   Corpus pursuant to 28 U.S.C. § 2254.  (Doc. 4.)  Respondents have filed a limited answer

17   arguing that Petitioner's claims are procedurally defaulted and barred from federal habeas

18   corpus review.  (Doc. 8.)  Petitioner has filed a reply opposing Respondents' assertions.

19   (Doc. 9.)  As set forth below, the Court finds that Petitioner's claims are procedurally

20   barred and recommends that the Petition be denied.

21   **I.      Factual and Procedural Background**

22           **A.      Charges, Trial, and Sentencing**

23        On July 27, 2010, Arizona Department of Public Safety (DPS) Officer Casey

24   Kasun stopped Petitioner because the car he was driving had illegal dark window tinting.

25   (Doc. 8, Ex. A at 1.)   Officer Kasun issued Petitioner a "repair order/warning."   (*Id.*)

26   After further conversation, Petitioner consented to a search of the car and signed a

27   consent form.  (*Id.*)  During the search, a drug dog alerted to two areas on the car.  (*Id.*)

28

Officer Kasun found two containers containing over two pounds of methamphetamine. (*Id.*)

On August 4, 2010, the State indicted Petitioner and the passenger in the car, Alfredo Gonzalez, on one count of transportation of methamphetamine for sale, a class two felony (Count One), and one count of possession of drug paraphernalia, a class six felony (Count Two).  (Doc. 8, Ex. A, Ex. B.)  Before trial, Petitioner moved to suppress evidence obtained during the search of his car.  (Doc. 8, Ex. A at 1.)  After a hearing, the trial court denied the motion.  (Doc. 8, Ex. A at 1-2.)  Co-defendant Gonzalez was tried first, and was convicted of transportation of methamphetamine.   (Doc. 8, Ex. C.)   In exchange for Gonzalez testifying at Petitioner's trial, the State granted Gonzalez use immunity and agreed to recommend that he receive a mitigated sentence.   (Doc. 8, Ex. D.)  On June 15, 2011, a jury found Petitioner guilty of Count One, and found him not guilty of Count Two. (Doc. 8, Ex. A at 2; Doc. 8, Ex. E at 1.)

Before sentencing, Petitioner filed a motion to dismiss arguing that his due process rights were violated by the State's failure to disclose evidence of a civil lawsuit, and the settlement of that lawsuit, involving Officer Kasun and other DPS officers.   (Doc. 8, Ex. E.)  The civil suit alleged that Officer Kasun and other DPS officers engaged in a pattern of race-based traffic stops and searches.  (*Id.*)  The trial court ruled that evidence of the civil settlement was not material and, thus, did not constitute *Brady* evidence. (Doc. 8, Ex. F at 4, 6-7.)  The court also stated that it would not have admitted that evidence for impeachment purposes at trial.  (*Id.* at 4.)

Before sentencing, the State requested that the trial court consider an undesignated class six felony as a prior conviction.  (Doc. 8, Ex. G at 10-11.)  The State argued that based on that prior felony conviction, the value of the methamphetamine, and the presence of an accomplice, the court should sentence Petitioner to an aggravated term of twelve years' imprisonment.   (*Id.* at 12.)   After considering arguments from the prosecution and defense, the trial court sentenced Petitioner to the presumptive term of ten-years' imprisonment with credit for 358 days' presentence incarceration.  (Doc. 8,

1  Ex. G at 18-19; Ex. H.)   The trial court stated that the offense was non-dangerous and
2  non-repetitive.  (Doc. 8, Ex. H.)

3     **B.     Direct Appeal**

4        Petitioner appealed his conviction and sentence to the Arizona Court of Appeals.
5  (Doc. 8, Ex. A.)  Appellate counsel filed a brief pursuant to *Anders v. California*, 386
6  U.S. 738 (1967), stating that he could not find any colorable claims to present on appeal.
7  (*Id.*)  The appellate court gave Petitioner the opportunity to file a pro se supplemental
8  brief, however, he did not do so. (*Id.*)  After searching "the entire record for reversible
9  error," the Arizona Court of Appeals affirmed Petitioner's conviction and sentence.  (*Id.*)

10    **C.     Post-Conviction Review**

11       On June 11, 2012, Petitioner filed a notice of post-conviction relief pursuant to
12 Rule 32 of the Arizona Rules of Criminal Procedure.  (Doc. 8, Ex. I.)  The trial court
13 appointed the Yavapai County Public Defender to represent Petitioner.   (Doc. 11,
14 Ex. N.)[1] On the public defender's motion, the court later substituted C. Kenneth Ray as
15 counsel.  (Doc. 11, Exs. O, P.)  The court also granted Petitioner an extension of time,
16 until October 1, 2012, to file a petition for post-conviction relief.  (Doc. 11, Exs. Q, R.)

17       On October 1, 2012, counsel filed a "Notice of Determination of No Merit and
18 Motion to Withdraw and to Extend Time for Filing Pro Se Petition."  (Doc. 11, Ex. S.)
19 Counsel stated that he had reviewed the record and, after "diligent research," could not
20 find any issue or claim to raise on post-conviction review.  (Doc. 11, Ex. S at 1 (citing
21 *Montgomery v. Sheldon*, 889 P.2d 614 (1995).)   Counsel requested permission to
22 withdraw as counsel pursuant to Rule 6.3, and for a ninety-day extension of time for
23 Petitioner to file a pro se petition.  (Doc. 11, Ex. S.)  Counsel stated that he would remain
24 available in an advisory capacity and transmit the record to Petitioner.  (*Id.*)  The court
25 granted counsel's motion to withdraw, but stated that counsel would remain available to
26 Petitioner.  (Doc. 11, Ex. T.)  The court also granted Petitioner a sixty-day extension of

27 _____

28        [1]  In response to the Court's May 29, 2015 Order (Doc. 10), on June 2, 2015,
   Respondents filed additional portions of the state court record.  (Doc. 11, Exs. M-AA.)

- 3 -

1    time to file a petition for post-conviction relief.  (*Id.*)  The court's order was mailed to

2    counsel and to Petitioner.  (*Id.*)  On October 10, 2012, counsel filed a notice of mailing

3    the record and transcripts to Petitioner.  (Doc. 11, Ex. V.)  On November 25, 2012,

4    advisory counsel filed a motion requesting an additional sixty days for Petitioner to file a

5    pro se petition.  (Doc. 11, Ex. W.)  The court granted the motion, and extended the

6    deadline for Petitioner to file a petition to January 30, 2013.  (Doc. 11, Ex. X.)

7          On December 10, 2012, Petitioner filed a pro se petition for post-conviction relief.

8    (Doc. 11, Ex. Y.)  He raised several claims of prosecutorial misconduct, and ineffective

9    assistance of trial and appellate counsel.  (*Id.*)  He also challenged his sentence on the

10   ground that the court, not a jury, found factors related to sentencing.  (*Id.*)  On March 8,

11   2013, the post-conviction court found that Petitioner's claims related to sentencing error

12   and prosecutorial misconduct were precluded, and denied relief.  (Doc. 8, Ex. J.)  The

13   court further stated that if Petitioner's claims were not precluded, his arguments lacked

14   merit.  (*Id.*)  The court also found that Petitioner's allegations of ineffective assistance of

15   counsel lacked merit.  (*Id.*)  Petitioner sought review in the Arizona Court of Appeals.

16   (Doc. 8, Ex. K.)  The appellate court granted review, but denied relief.  (Doc. 8, Ex. L.)

17          **D.    Federal Petition for Writ of Habeas Corpus**

18          On December 15, 2014, Petitioner filed a timely petition for writ of habeas corpus

19   in this Court.[2]  (Doc. 1.)  The Court dismissed the petition with leave to file an amended

20   petition on the court-approved form.  (Doc. 3.)  Petitioner filed an Amended Petition

21   raising four grounds for relief.  In Ground One, Petitioner asserts that trial counsel was

22   ineffective for (a) failing to move to suppress "different evidence," including failing to

23   challenge the prosecution's introduction of evidence of a "supposed" prior felony

24   conviction, (b) failing to argue that Petitioner's *Miranda* rights were violated, and

25   (c) failing to investigate and interview all witnesses, which led to a failure to discover

26   that there was a civil lawsuit against Officer Kasun. (Ground One (a)-(c).) (Doc. 4 at 17.)

27   _____

28          [2] Respondents state that the petition was timely filed in accordance with the
     applicable limitations period.  (Doc. 8 at 4); *see* 28 U.S.C. § 2244(d)(1)(A) and (d)(2).

In Ground Two, Petitioner asserts that the prosecution engaged in misconduct in violation of the Due Process Clause because the government made a plea offer that included a sentence of five-years' imprisonment, flat time, but Petitioner received a longer sentence after trial. (Ground Two.)  (*Id.* at 18.)  In Ground Three, Petitioner asserts that (a) his due process rights were violated because the government did not produce discovery to the defense, including evidence of Officer Kasun's involvement in a civil lawsuit related to racial profiling and evidence of co-defendant Gonzalez's statements to the arresting officers that differed from his trial testimony, and (b) trial counsel was ineffective for failing to demand that the prosecution produce the foregoing evidence. (Ground Three (a) and (b).)  (*Id.* at 19-20.)  In Ground Four, Petitioner asserts that his Fifth Amendment rights were violated because he was not read his *Miranda* rights and was not provided an interpreter at the scene or the police station. (Ground Four.)[3]  (*Id.* at 20-21.)

## II.    Exhaustion and Procedural Bar

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted available state remedies.  28 U.S.C. § 2254(b).  To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner.[4]  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (same).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based.  *See Baldwin*, 541 U.S. at

---

[3]  Petitioner did not use subparts to identify his specific claims.  (Doc. 4.)  The Court identifies Petitioner's claims by numbers and lettered subparts for convenience.

[4]  In Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals either through the direct appeal process or post-conviction proceedings. *Crowell v. Knowles*, 483 F. Supp. 2d 925, 931-33 (D. Ariz. 2007) (discussing *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

33.  A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  *Id.* at 31-32.  Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim."  *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights.  *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims.  *See Coleman*, 501 at 731-32.  Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims.  *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).  If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted.  *Coleman*, 501 U.S. at 732, 735 n.1.

Second, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds.  *See Beard v. Kindler*, 558 U.S. 53 (2009).  "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance."  *Coleman*, 501 U.S. at 731-32.  In this situation, federal habeas corpus review is precluded if the state court

1  opinion relies "on a state-law ground that is both 'independent' of the merits of the

2  federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S.

3  255, 260 (1989).

4        A state procedural ruling is "independent" if the application of the bar does not

5  depend on an antecedent ruling on the merits of the federal claim. *See Stewart v. Smith*,

6  536 U.S. 856, 860 (2002); *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985).  A state court's

7  application of the procedural bar is "adequate" if it is "strictly or regularly followed."

8  *See Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).  If the state court occasionally

9  excuses non-compliance with a procedural rule, that does not render its procedural bar

10  inadequate.  *See Dugger v. Adams*, 489 U.S. 401, 410-12 n.6 (1989).  "The independent

11  and adequate state ground doctrine ensures that the States' interest in correcting their own

12  mistakes is respected in all federal habeas cases." *Coleman*, 501 U.S. at 732.  Although a

13  procedurally barred claim has been exhausted, as a matter of comity, the federal court

14  will decline to consider the merits of that claim.  *See id*. at 729-32.

15        However, because the doctrine of procedural default is based on comity, not

16  jurisdiction, federal courts retain the power to consider the merits of procedurally

17  defaulted claims.  *See Reed v. Ross*, 468 U.S. 1, 9 (1984).  Generally, a federal court will

18  not review the merits of a procedurally defaulted claim unless a petitioner demonstrates

19  "cause" for the failure to properly exhaust the claim in state court and "prejudice" from

20  the alleged constitutional violation, or shows that a "fundamental miscarriage of justice"

21  would result if the claim were not heard on the merits.  *Coleman*, 501 U.S. at 750.

22  Additionally, pursuant to 28 U.S.C. § 2254(b)(2), the court may dismiss plainly meritless

23  claims regardless of whether the claim was properly exhausted in state court.  *See Rhines*

24  *v. Weber*, 544 U.S. 269, 277 (2005) (holding that a stay is inappropriate in federal court

25  to allow claims to be raised in state court if they are subject to dismissal under

26  § 2254(b)(2) as "plainly meritless").

27

28

1

**III.    Petitioner's Claims are Procedurally Barred**

2    Respondents argue that Petitioner's claims are procedurally barred from federal

3   habeas corpus review.   (Doc. 8.)   Petitioner disputes this assertion.   (Doc. 9.)   As

4   discussed below, the Court concludes that habeas corpus review of Petitioner's claims is

5   procedurally barred.

6    Petitioner did not exhaust any of the claims presented in the Amended Petition on

7   direct review.   Appellate counsel filed an *Anders* brief.   (Doc. 8, Ex. A.)   Although

8   Petitioner had the opportunity to file a supplemental petition for review, he did not do so.

9   (*Id.*)   Instead, Petitioner presented a variety of claims in a petition for post-conviction

10   relief, which the trial court denied.   (Doc. 11, Ex. Y.)   Petitioner then sought appellate

11   review of the trial court's denial of post-conviction relief.   (Doc. 8, Ex. K.)   However, the

12   Arizona Court of Appeals found that the only claim that Petitioner properly presented on

13   appeal was a claim that he should be resentenced under *Blakely v. Washington*, 542 U.S.

14   296, 301 (2004), because the trial court, rather than a jury, determined the existence of

15   aggravating factors for sentencing.   (Doc. 8, Ex. L.)   The appellate court found no *Blakely*

16   violation because the trial court imposed a presumptive, not an aggravated, sentence.

17   (*Id.*)

18    The appellate court also noted that the body of the petition for review argued

19   several additional issues that were not specifically identified as grounds for relief.   (*Id.*)

20   The appellate court found that Petitioner did not raise these issues in the petition for post-

21   conviction relief that he filed in the trial court, and under Rule 32.9(c) he was precluded

22   from presenting those issues on appeal.   (*Id.*); *see* Ariz. R. Crim. P. 32.9(c)(1)(ii) (stating

23   that a petition for post-conviction relief must include "[t]he issues that were decided by

24   the trial court and which the defendant wishes to present to the appellate court for

25   review"); *see also* Rule 32.2(a)(3) (a petitioner is precluded from relief based on any

26   ground waived in a previous collateral proceeding).

27    Additionally, the appellate court noted that the petition for review identified eight

28   specific grounds for review.   (Doc. 8, Ex. L.)   However, the body of the petition did not

include supporting arguments for all of those issues.[5]  (*Id.*)  Accordingly, the appellate court found such issues precluded from review under Rule 32.5.  (*Id.*); *see* Ariz. R. Crim. P. 32.5 (providing that the petition for review must set forth specific claims, present argument supported by legal authority, and include citation to the record).

Therefore, the Court finds that Petitioner did not properly exhaust his claims presented in the Amended Petition because he either did not present them to the Arizona Court of Appeals, or the appellate court found review precluded by an adequate and independent state rule.  Furthermore, it would be futile for Petitioner to return to the state courts to try to exhaust his claims because a successive petition for post-conviction relief would be untimely, and his claims would be precluded from Rule 32 review because they could have been raised in Petitioner's prior post-conviction proceeding.  *See* Ariz. R. Crim. P. 32.2(a)(3) and 32.4(a); *see also State v. Bennett*, 146 P.3d 63, 67 (2006) ("As a general rule, when [claims] are raised, or could have been raised, in a Rule 32 post-conviction proceeding, subsequent claims [] will be deemed waived and precluded.") (internal quotation omitted).

Additionally, Petitioner's claims of ineffective assistance of counsel do not implicate any of the other exceptions to the timeliness or preclusion rules in Rule 32.4(a) and Rule 32.2(b), including being held in custody after the imposed sentence expired, the presentation of newly discovered material facts that probably would have changed the verdict or sentence, the failure to file a timely notice of post-conviction relief or a notice of appeal that was not the defendant's fault, a change in the law, or the petitioner's actual innocence.  *See* Rule 32.1(d), (e), (f), (g) and (h).  Accordingly, Petitioner's claims are

---

[5]  Petitioner presented the following eight issues for review: (1) whether the trial court used an alleged prior conviction to modify Petitioner's sentence; (2) whether the trial court used statutorily enumerated factors in violation of Ariz. Rev. Stat. 13-702; (3) whether the trial court erred and abused its discretion by accepting other act evidence under Rule 404(b) of the Arizona Rules of Evidence, (4) whether Petitioner was entitled to a jury finding of all aggravating factors; (5) whether Petitioner was fully informed that he would have to relinquish his right not to testify; (6) whether petitioner "articulate[d] both methods of showing prejudice as described by the court in *Donald*"; (7) whether there was constitutional structural error; and (8) whether he was entitled to a resentencing hearing.  (Doc. 8, Ex. K at 3.)

1    technically exhausted and procedurally barred from federal habeas corpus review.  *See*

2    *McKinney v. Ryan*, 730 F.3d 903, 913 n.6 (9th Cir. 2013) (finding claims procedurally

3    defaulted because petitioner was barred from exhausting his claims in the first instance

4    by Rules 32.2(a)(3) and 32.4(a)); *see also Boerckel*, 526 U.S. at 848.

5            Additionally, federal habeas corpus review of Petitioner's claims is barred

6    because, on post-conviction review, the appellate court found review of those claims

7    precluded under Rules 32.9(c) and 32.5.  (Doc. 11, Ex. L); *see Harri*s, 489 U.S. at 260 (a

8    claim may be procedurally barred from federal habeas corpus review when a petitioner

9    raised it in state court, but the state court found the claim barred on adequate and

10   independent state procedural grounds).  The appellate court's ruling based on Rules

11   32.9(c)(1)(ii) and 32.5 did not depend on federal law or an examination of the merits of

12   Petitioner's claims, and thus, the ruling was "independent" of federal law.  *See Nitschke*

13   *v. Belleque*, 680 F.3d 1105, 1110 (9th Cir. 2012) (discussing requirement that state

14   procedural rule must rest on an "independent" state law ground).  Additionally, Rules

15   32.9(c) and 32.5 are "adequate" because Arizona's procedural rules are regularly

16   followed.  *See Simmons v. Schriro*, 187 Fed. App'x. 753, 754 (9th Cir. 2006) (holding

17   that Arizona's procedural rules are "clear" and "well-established").

18   **IV.    Petitioner has not Established a Basis to Overcome the Procedural Bar**

19           Because Petitioner's claims are procedurally defaulted, federal habeas corpus

20   review of those claims is unavailable unless Petitioner establishes a "fundamental

21   miscarriage of justice" or "cause and prejudice" to overcome the procedural bar.  *See*

22   *Coleman*, 501 U.S. at 749.  For the reasons below, the Court finds that Petitioner has not

23   established a basis to overcome the procedural bar.

24           **A.    Fundamental Miscarriage of Justice**

25           A federal court may review the merits of a procedurally defaulted claim if the

26   petitioner demonstrates that failure to consider the merits of that claim will result in a

27   "fundamental miscarriage of justice."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  A

28   "fundamental miscarriage of justice" occurs when "'a constitutional violation has

probably resulted in the conviction of one who is actually innocent.'"  *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

To establish a fundamental miscarriage of justice, a petitioner must present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial."  *Schlup,* 513 U.S. at 324.  The petitioner has the burden of demonstrating that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Id.* at 327.  Petitioner argues that he has shown a fundamental miscarriage of justice because he is actually innocent of "speeding, driving while drinking alcohol, was not using narcotic drugs, stopped only because [he is] a Mexican national, and [was] illegally stopped and searched."  (Doc. 9 at 5.)  He further argues that the "state or defense counsel failed to give [him] an interpreter, [he] was illegally *Mirandized . . . ,* denied [his] discovery files, and at all times defense counsel abandoned his rights."  (Docs. 1, 8, 9, 18.)  Petitioner's allegations do not satisfy *Schlup's* standard.  Petitioner has not presented new evidence and has not shown that failure to consider his procedurally defaulted claims will result in a fundamental miscarriage of justice.  Thus, he has not met *Schlup's* high standard and this exception does not excuse the procedural bar.

**B.     Cause and Prejudice**

A federal court may review the merits of a procedurally defaulted claim if a petitioner establishes "cause" and "prejudice."  *Coleman*, 501 U.S. at 750.  To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules.  *Teague*, 489 U.S. at 298.  A showing of "interference by officials," constitutionally ineffective assistance of counsel, or "that the factual or legal basis for a claim was not reasonably available" may constitute cause.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

"Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).  To establish prejudice, a habeas petitioner bears the burden of demonstrating that the alleged constitutional

violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *see Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). If petitioner fails to establish cause for his procedural default, then the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986).

To establish cause, Petitioner argues that appellate and post-conviction counsel were ineffective because they "abandoned him." (Doc. 9 at 4.) As discussed below, Petitioner's allegations regarding counsel do not establish cause.

### 1.      Ineffective Assistance of Appellate Counsel

In certain circumstances, the ineffective assistance of appellate counsel may constitute cause to excuse procedural default, however, "a claim of ineffective assistance must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Carrier*, 477 U.S. at 488-89; *see also Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000) ("ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted"); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (same). Petitioner did not properly exhaust a claim of ineffective assistance of appellate counsel in the state courts. (Doc. 11, Ex. Y; Doc. 8, Exs. K, L.) Accordingly, the ineffective assistance of appellate counsel does not establish cause to overcome the procedural bar to habeas corpus review of Petitioner's claims.

However, in *Maples v. Thomas*, ___ U.S. ___ 132 S. Ct. 912, 923-24 (2012), the Supreme Court recognized a limited exception to the general rule that to constitute cause, a claim of ineffective assistance of counsel must be an independent constitutional violation. In *Maples*, the Supreme Court held that cause could be shown when post-conviction counsel was not merely negligent (and under the law of agency, that negligence being chargeable to the petitioner) but had abandoned the representation without notice to the petitioner, resulting in the loss of his state remedies.

1     Assuming that *Maples* applies to appellate counsel in the context of direct review,

2  Petitioner has not shown that appellate counsel abandoned him.  Petitioner does not

3  provide any support for his assertion that appellate counsel abandoned him.  (Doc. 9 at 4.)

4  Petitioner generally alleges that he cannot speak English, and that "defense counsel" did

5  not let him use an interpreter.  (*Id.*)  However, Petitioner does provide any details

6  regarding those allegations.  For example, Petitioner does not assert that the alleged lack

7  of an interpreter impeded his ability to communicate with appellate counsel.  (*Id.*)

8  Petitioner does not allege that appellate counsel committed egregious professional

9  misconduct, failed to communicate with him, or failed to respond to his inquiries with

10  respect to preparation of a petition for review.  Petitioner was not left without functioning

11  counsel, as occurred in *Maples*.  Instead, after reviewing the record, appellate counsel

12  filed an *Anders* brief, and Petitioner was permitted to file a supplemental brief, but did

13  not do so.  (Doc. 8, Ex. A.)  Thus, appellate counsel's alleged abandonment does not

14  constitute cause to excuse the procedural bar.

15                    **2.      Post-Conviction Counsel**

16     Although, as previously stated, ineffective assistance of counsel may constitute

17  cause for failing to properly exhaust claims in state court and excuse procedural default,

18  ordinarily, to meet the "cause" requirement, the ineffective assistance of counsel must

19  amount to an independent constitutional violation.  *Ortiz v. Stewart*, 149 F.3d 923, 932

20  (9th Cir. 1998).  Accordingly, when no constitutional right to counsel exists (such as in a

21  post-conviction proceeding), ineffective assistance will not amount to cause excusing the

22  state procedural default.  *Id.*; *see Coleman v. Thompson*, 501 U.S. 722, 752 (1991)

23  (citations omitted) (holding that "[t]here is no constitutional right to an attorney in state

24  post-conviction proceedings," thus, the ineffectiveness of post-conviction counsel cannot

25  establish cause to excuse a failure to properly exhaust state remedies and procedural

26  default on a claim.).  However, the Supreme Court recently recognized two exceptions to

27  this requirement, in *Maples* and *Martinez v. Ryan*, __ U.S.___, 132 S. Ct. 1309 (2012).

28

### a.      Petitioner has not Shown Cause Under *Maples*

In *Maples*, as set forth above, the Supreme Court determined that abandonment of a client in state post-conviction proceedings may provide cause to excuse the procedural default of federal habeas corpus claims.   *Maples*, 132 S. Ct. at 918.   In *Maples*, the attorneys who represented the petitioner in state post-conviction proceedings accepted new positions that precluded them from representing Maples, without informing Maples, or seeking the state court's permission to withdraw as counsel of record.   *Id.* at 918-19. No other attorney from their firm entered an appearance or moved to substitute as counsel, and Maples believed that he was represented by counsel.   *Id.*   After the state court denied post-conviction relief, the court sent notification to the attorneys' former firm, which returned the mail as undeliverable.   *Id.* at 919-20.   As a result, Maples was unaware of the denial, and the deadline for filing a notice of appeal expired.   *Id.* at 920. Subsequently, a federal court found Maples' claims to be defaulted because he had failed to appeal the state court's denial of post-conviction relief.   *Id.* at 921.

This case is distinguishable from *Maples*.   After Petitioner filed a *pro se* notice of post-conviction relief, the court appointed the public defender to represent him.   (Doc. 8, Ex. I; Doc. 11, Ex. N.)   On the public defender's motion, the court later substituted C. Kenneth Ray as counsel.   (Doc. 11, Exs. O, P.)   Post-conviction counsel subsequently filed a "Notice of Determination of No Merit and Motion to Withdraw and to Extend Time for Filing Pro Se Petition."   (Doc. 11, Ex. S.)   Counsel stated that after review of the record and "diligent research," he could not find any claim to present on post-conviction review.   (Doc. 11, Ex. S at 1 (citing *Montgomery v. Sheldon*, 889 P.2d 614 (1995).)   Counsel requested permission to withdraw as counsel and a ninety-day extension of time for Petitioner to file a pro se petition.   (Doc. 11, Ex. S.)   Counsel stated that he would remain available in an advisory capacity and would transmit the record to Petitioner.   (*Id.*)   The court granted post-conviction counsel's motion to withdraw, and stated that counsel would remain available to Petitioner.   (Doc. 11, Ex. T.)   The court also

1   granted Petitioner a sixty-day extension of time to file a *pro se* petition for post-
2   conviction relief.  (*Id.*)

3         Post-conviction counsel, in an advisory capacity, filed a notice of mailing the
4   record and transcripts to Petitioner.  (Doc. 11, Ex. V.)  On November 25, 2012, advisory
5   counsel filed a motion requesting an additional sixty days for Petitioner to file a pro se
6   petition.  (Doc. 11, Ex. W.)  The court granted the motion, and extended the deadline for
7   Petitioner to file a petition.  (Doc. 11, Ex. X.)  On December 10, 2012, Petitioner filed a
8   pro se petition for post-conviction relief.  (Doc. 11, Ex. Y.)

9         Therefore, the record reflects that post-conviction counsel did not abandon
10  Petitioner.  Rather, he indicated his inability to find an issue for review and obtained
11  additional time for Petitioner to file a petition on his own.  He also transmitted the record
12  to Petitioner.  Post-conviction counsel filed an additional motion for an extension of time
13  when he was serving in an advisory role.  Petitioner subsequently filed his own petition
14  for post-conviction relief.  Thus, unlike the petitioner in *Maples*, Petitioner was not
15  abandoned, or even left without notice to pursue his claims on his own.

16        **b.**    **Petitioner has not Shown Cause under *Martinez***

17        In *Martinez*, 132 S. Ct. at 1315 (2012), the Supreme Court held that the ineffective
18  assistance of post-conviction counsel "at initial-review collateral review proceedings,"
19  while not stating a constitutional claim itself, may establish cause to excuse procedural
20  default of claims of ineffective assistance of trial counsel when a post-conviction
21  proceeding represents the first opportunity under state law for a petitioner to litigate such
22  claims.  *Id.* at 1315.  In *Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013), the Ninth
23  Circuit held that the *Martinez* standard for cause applies to all Sixth Amendment
24  ineffective-assistance claims that have been procedurally defaulted by ineffective counsel
25  in the initial-review state-court collateral proceeding. (*Id.*)  Because the *Martinez* cause
26  standard applies only to defaulted ineffective assistance of counsel claims, it only applies
27  to Petitioner's claims of ineffective assistance of counsel asserted in Grounds One and
28  Three, and does not apply to Petitioner's other claims.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### (i)      The *Martinez* Cause Standard

To establish cause under *Martinez*, a petitioner must show that counsel at the first post-conviction proceeding was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).  *Id.* at 1318.  A petitioner must also show that the defaulted claims of ineffective assistance of counsel are "substantial."  *Martinez*, 132 S. Ct. at 1318.  A "substantial" claim "has some merit."  *Id.*  A claim is not substantial if it does not have any merit or is wholly without factual support."  *Id.*

### (ii)      Establishing Ineffective Assistance of Counsel

To establish a Sixth Amendment claim of ineffective counsel, a petitioner must show that counsel's performance was objectively deficient and that counsel's deficient performance prejudiced the petitioner.  *Strickland*, 466 U.S. at 687.  To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance."  *Id.* at 690.  When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment.  *Id.*  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Id.* at 689.  Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel.  *Id.*

To establish a Sixth Amendment violation, a petitioner must also establish that he suffered prejudice as a result of counsel's deficient performance.  *Id.* at 691-92.  To show prejudice, a petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  The court need not address both *Strickland* requirements if the petitioner makes an insufficient showing on one.  *See id.* at 697 (explaining that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."); *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002) (stating that

1   "[f]ailure to satisfy either prong of the *Strickland* test obviates the need to consider the

2   other") (citing *Strickland,* 466 U.S. at 688).

3         **(iii) Post-Conviction Counsel was not Ineffective**

4      Petitioner argues that post-conviction counsel was ineffective for abandoning him.

5   (Doc. 9 at 4.)  However, as discussed in Section IV.B.2.a, post-conviction counsel did not

6   abandon Petitioner.  Rather, he reviewed the record and determined that there were no

7   arguable issues to present on post-conviction review.  (Doc. 11, Ex. S.)  After reviewing

8   the record, the trial court permitted counsel to withdraw, but stated that he would remain

9   in an advisory capacity.  (Doc. 11, Ex. T.)  Post-conviction counsel then provided

10  Petitioner with the record and assisted him in an advisory capacity by filing a motion for

11  an extension of time for Petitioner to file his pro se petition.  (Doc. 11, Exs. V, W.)

12  Petitioner filed his own petition for review and determined which claims to present to the

13  trial court.

14     Therefore, Petitioner has not shown that post-conviction counsel's performance

15  was deficient.  *See Strickland*, 466 U.S. at 687.  Moreover, even if post-conviction

16  counsel performed deficiently by allegedly abandoning Petitioner, Petitioner has not

17  shown that he was prejudiced by that alleged deficient performance because he filed a pro

18  se petition for post-conviction relief and determined which claims to present in his

19  petition.

20        **(iv) Petitioner's Ineffective Assistance of Trial Counsel**

21           **Claims are Insubstantial**

22     Even if post-conviction counsel was ineffective, Petitioner has not established

23  cause under *Martinez* because his claims of ineffective assistance of counsel are not

24  substantial.  *See Martinez*, 132 S. Ct. at 1318.  In Ground One (a) Petitioner argues that

25  trial counsel was ineffective for failing to challenge his undesignated class six felony as a

26  prior felony conviction.  (Doc. 4 at 17.)  However, the record reflects that trial counsel

27  did object to the admission of evidence of this conviction at sentencing.  (Doc. 8, Ex. G at

28  10-11.)  The court overruled the objection.  (*Id.*)  Even if counsel had performed

deficiently by failing to object to the court's consideration of the prior conviction as a felony, Petitioner cannot establish prejudice because the trial court found that the aggravating and mitigating factors were balanced and imposed the presumptive sentence. (*Id.* at 18.)  Accordingly, this claim of ineffective assistance of counsel is not substantial. *See Martinez*, 132 S. Ct. at 1318.

In Ground One (b), Petitioner asserts that trial counsel was ineffective for failing to raise a claim based on the police officers' failure to read Petitioner his *Miranda* rights. (Doc. 4 at 17.)   Petitioner does not provide any further explanation of this claim. Petitioner's unsupported, conclusory allegations are not sufficient to support a claim of ineffective assistance of counsel.  *See Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995) (stating that conclusory allegations with no reference to the record or other evidence do not warrant habeas relief.)   Additionally, because Petitioner fails to allege specific facts showing prejudice, the reasonableness of counsel's representation is inconsequential.  *See Hill v. Lockhart*, 474 U.S. 52 (1985).  Accordingly, this claim is not substantial.  *See Martinez*, 132 S. Ct. at 1318.

In Ground One (c), Petitioner argues that trial counsel was ineffective for failing to interview witnesses, which led to counsel's failure to discover that Officer Kasun was a defendant in a civil lawsuit alleging racial profiling.  (Doc. 4 at 17.)  Even assuming that trial counsel's performance was deficient for failing to discover evidence of the civil suit before Petitioner's criminal trial commenced, Petitioner cannot show prejudice.  At some point, trial counsel learned of the civil suit.  Before sentencing, counsel filed a motion to dismiss on the ground that Petitioner's due process rights were violated by the State's failure to disclose evidence of the civil suit.  (Doc. 8, Ex. E.)  The trial court ruled that evidence of the civil settlement was not material and, thus, did not constitute *Brady* evidence.  (Doc. 8, Ex. F at 4, 6-7.)  The court also stated that it would not have admitted that evidence for impeachment purposes at trial.  (*Id.* at 4.)  Accordingly, this claim of ineffective assistance of counsel is not substantial.  *See Martinez*, 132 S. Ct. at 1318.

In Ground Three (b), Petitioner asserts that trial counsel was ineffective for failing to demand that the prosecution produce evidence of a civil lawsuit regarding racial profiling and evidence of Gonzalez's statements to the arresting officers that differed from his trial testimony.  (Doc. 4 at 19.)  As set forth above in the Court's discussion of Ground One (c), Petitioner's claim of ineffective assistance of counsel based on evidence of the civil lawsuit is insubstantial because the trial court found that this evidence was not material and did not constitute *Brady* evidence, and would not have been admitted at trial as impeachment evidence.  (Doc. 8, Ex. F at 4, 6-7.)

Petitioner does not provide any further explanation of this claim based on Gonzalez's testimony, or identify the alleged inconsistent statements.  Petitioner's unsupported, conclusory allegations regarding Gonzalez's statements are not sufficient to support a claim of ineffective assistance of counsel.  *See Jones*, 66 F.3d at 204-05.  Additionally, because Petitioner fails to allege specific facts showing prejudice, the reasonableness of counsel's representation is inconsequential.  *See Hill*, 474 U.S. 52.  Accordingly, this claim is not substantial.  *See Martinez*, 132 S. Ct. at 1318.

Because Petitioner has not shown that post-conviction counsel was ineffective, or that his defaulted claims of ineffective assistance of counsel are substantial, he cannot establish cause under *Martinez*.

### 3.    Conclusion

As set forth above, Petitioner has not shown that the appellate or trial counsel's abandonment or ineffective assistance constitutes cause to excuse the procedural default of his claims.  Additionally, Petitioner's status as an inmate, lack of legal knowledge, and limited legal resources do not establish cause to excuse the procedural bar to review of his claims.  *See Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (an illiterate pro se petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's reliance upon jailhouse lawyers did not constitute cause).  Accordingly, the Court does not consider whether Petitioner can establish prejudice.  *See Smith v. Murray*, 477 U.S.

527, 533 (1986) (stating that the court does not need to consider prejudice when the petitioner does not demonstrate cause). Thus, Petitioner has not established a basis to overcome the procedural bar to federal habeas corpus review of his claims

**V.      Conclusion**

As set forth above, Petitioner is not entitled to habeas corpus relief because federal habeas corpus review of his claims is procedurally barred and Petitioner has not established a basis to overcome that bar. Accordingly, the Court recommends that the Amended Petition be denied.

Accordingly,

**IT IS RECOMMENDED** that the Amended Petition for Writ of Habeas Corpus (Doc. 4) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal, pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

/ / /

/ / /

1    Failure to file timely objections to any factual determination of the Magistrate

2 Judge may be considered a waiver of a party's right to appellate review of the findings of

3 fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

4 *See* Fed. R. Civ. P. 72.

5        Dated this 22nd day of September, 2015.

8        _____

9                 Bridget S. Bade
                 United States Magistrate Judge