NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Manuel Pinzon, | No. CV-14-08244-PCT-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

    This matter is before the Court on *pro se* Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 4) and the Report and Recommendation ("R & R") of United States Magistrate Judge Bridget S. Bade (Doc. 12). The R & R includes an accurate and complete recitation of the necessary factual and procedural background. (Doc. 12 at 1:21-5:12). The R & R also correctly sets forth the legal principles governing the threshold issue of whether a petitioner has exhausted available state court remedies. (*Id*. at 5:13-7:26). After a thorough and sound analysis, the Magistrate Judge found that Petitioner's claims were procedurally barred, and that Petitioner did not establish a basis to overcome that bar. The Magistrate Judge thus recommends denial of the Petition. Petitioner filed timely objections (Doc. 13). The Court now rules as follows.

. . . .

. . . .

. . . .

**I. Standard of Review**

The Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" a Petitioner objects. 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (same). Conversely, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does *not* on its face *require any review at all* . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989) (emphasis added); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R, [*Reyna–Tapia*,] 328 F.3d [at] 1121 . . . ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct")[.]")  Likewise, it is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings[.]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)).

**II. Analysis**

Although designated as "objections," Petitioner is not actually objecting to any of the R & R's factual findings or legal conclusions.  Thus, as to the factual findings, Petitioner has waived any objection thereto.  *See Bastidas*, 791 F.3d at 1159 (citations omitted).  Petitioner's objections are conspicuously silent on the determinative issue of issue of procedural default.  In fact, it is readily apparent that, with one exception which the Court will address next, Petitioner is simply reasserting most of the grounds for relief found in his amended petition.   Further, instead of objecting to any aspect of the R & R, Petitioner is seeking to have this Court address the merits, despite the Magistrate Judge's findings of procedural default and failure to overcome that bar.  Hence, because

Petitioner makes no objections at all to the R & R, this Court is not required to review the R & R.  Nonetheless, the Court has reviewed the R & R and agrees with its sounding reasoning, findings and recommendations. The Court will, therefore, accept the R & R and deny the Petition.  *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

The Court recognizes, as just alluded to, that Petitioner's objections seem to include a new claim for habeas relief.  Petitioner contends that his "pretrial/trial counsel . . . fail[ed] to provide him with a reasonable assessment of the probable outcome of his trial[.]"  (Doc. 13 at 3).  Speculating and with the advantage of hindsight, Petitioner further claims that had his counsel provided him with the foregoing, Petitioner "would have accepted the State's plea agreement."  (*Id*.) (citation omitted).  Petitioner's amended petition does include several claims of ineffective assistance of counsel, but not this particular one.   This new claim for habeas relief was, understandably, not addressed in the R & R.  Because Petitioner is improperly raising this new unexhausted claim in his objections, the Court gives no credence to such a claim and adheres to its view that the Magistrate Judge correctly recommended denial of this amended petition.

**III.  Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that that Magistrate Judge Bade's R & R (Doc. 12) is **accepted and adopted** as an Order of this Court.

**IT IS FURTHER ORDERED** that the Amended Petition for Writ of Habeas Corpus (Doc. 4) is **DENIED** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed *in forma pauperis* are **DENIED** because the dismissal of the Amended Petition is justified by a plain procedural bar and reasonable jurists could not find the procedural ruling debatable.

. . . .

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

**Dated** this 20th day of June, 2016.

_____
Honorable Diane J. Humetewa
United States District Judge